978 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Melvin Munroe LITTRELL, Plaintiff-Appellant,
v.
STATE OF ARIZONA, et al., Defendant-Appellee.
 No. 92-16199.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 10, 1992.
 
 Before GOODWIN, FARRIS and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I. Standard of Review
 
 2
 We review the district court's denial of a motion for a preliminary injunction for an abuse of discretion. We can reverse only if the district court has based its decision on an erroneous legal standard or on clearly erroneous findings of fact. Religious Technology Center, Church of Scientology Int'l, Inc. v. Scott, 869 F.2d 1306, 1309 (9th Cir.1989).
 
 II. Preliminary Injunction
 
 3
 The moving party is entitled to a preliminary injunction if he demonstrates either (1) a probability of success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips in his favor. Gilder v. PGA Tour, Inc., 936 F.2d 417, 422 (9th Cir.1991). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Oakland Tribune, Inc. v. Chronicle Publishing Co., 762 F.2d 1374, 1376 (9th Cir.1985). The defendant has failed to meet either standard.
 
 
 4
 Littrell brought a 42 U.S.C. § 1983 action alleging that the defendants, State of Arizona, et al., denied him adequate medical care and a proper diet for his medical condition. Littrell is an asthmatic who is allergic to certain foods and in need of periodic care. He seeks an order directing the State of Arizona to (1) provide him a diet free of the items to which he is allergic; (2) provide adequate medical treatment for his asthmatic condition; (3) take no retaliatory measures against him, or; (4) immediately release him from custody.
 
 
 5
 Littrell is allergic to MSG, penicillin and nitrates. He also requires water free of contaminants that exacerbate his asthma. He maintains that the Arizona Department of Corrections persists in serving him foods and water with such additives despite knowledge of his allergy. The ADOC asserts that it is serving Littrell food without such additives. Littrell's evidentiary showing is deficient. The district court's denial of Littrell's motion for a preliminary injunction was not an abuse of discretion.
 
 
 6
 Littrell alleges that on two specific occasions ADOC officials failed to provide him with medical treatment during asthma attacks. However, a prison doctor has since ordered that Littrell be given breathing treatments during asthma attacks. Littrell has not shown that the officials' conduct constituted "deliberate indifference". See Estelle v. Gamble, 429 U.S. 97, 104 (1976). "[A]n inadvertent failure to provide adequate medical care" does not constitute a constitutional violation. Littrell has not shown a probability of success on the merits.
 
 
 7
 Affirmed.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by the Ninth Circuit Rule 36-3